UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SAGAR PAL,

Petitioner,

v.

MARKWAYNE MULLIN et al.,

Respondents.

CASE NO. 2:26-cv-03811-DGE

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner seeks release, arguing his re-detention violated due process because Respondents did not provide "notice and a meaningful opportunity to be heard before a neutral decisionmaker at a constitutionally appropriate time." (Dkt. No. 1 at 7.)

Petitioner entered the United States on March 8, 2023, was detained by United States Border Patrol ("BP"), and then released on an Order of Release on Recognizance ("OREC") on March 11, 2023. (Dkt. Nos. 1 at 1–2; 5 at 2; 6-1 at 2.) Petitioner also was issued a Notice to Appear ("NTA"). (Dkt. No. 5 at 2.) Petitioner filed for asylum on August 1, 2023, with the

immigration court and that application remains pending. (Dkt. Nos. 5 at 2; 6-2 at 4.) Petitioner's next immigration court hearing was scheduled for June 27, 2028. (Dkt. No. 1 at 4.)

Petitioner was convicted of reckless driving and hit-and-run unattended on July 31, 2026. (Dkt. Nos. 1 at 5; 5 at 2; 6-2 at 4.) On September 30, 2026, Petitioner reported to the Seattle Immigration and Customs Enforcement ("ICE") and Removal Operations ("ERO") Field Office pursuant to his previously issued OREC. (Dkt. Nos. 5 at 3; 6-2 at 3.) Once there, ERO decided to detain him because it determined Petitioner's criminal convictions violated the terms of his OREC. (*Id.*) Petitioner has not been provided a bond hearing, although he did request one. (Dkt. Nos. 5-4 at 3; 6-4 at 2.)[1]

Respondents acknowledge this Court has previously found that noncitizens "re-detained after release on OREC are detained pursuant to 8 U.S.C. § 1226(a)." (Dkt. No. 4 at 4) (citing *Ortiz v. Mullen*, Case No. 2:26-cv-03495-DGE, 2026 WL 3071550, at *3 (W.D. Wash. October 14, 2026). The facts presented in this case offer no basis to deviate from this Court's prior rulings. For the reasons identified in *Ortiz*, the Court finds Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225.

In addition, Respondents re-detention of Petitioner without notice and a pre-deprivation hearing before a neutral decision maker violates due process. *See Matthews v. Eldridge*, 424 U.S. 319 (1976). First, having been released on an OREC for three years, Petitioner maintained a clear private interest in his liberty. Second, there is a high risk of erroneous deprivation as, despite what appears to be a violation of Petitioner's previously issued OREC, Respondents offer no evidence Petitioner's re-detention was the result of emergent circumstances that militated

[1] The Deportation Officer's declaration incorrectly states, "Petitioner has not requested a bond hearing." (*Compare* Dkt. 5 at 3 *with* Dkt. No. 6-4 at 2.)

against scheduling a pre-deprivation hearing. *See Awa v. Noem*, Case No. 2:26-CV-00922-BAT, 2026 WL 943593, at *2 (W.D. Wash. Apr. 8, 2026) (releasing Petitioner who was re-detained while at a scheduled immigration appointment after pleading guilty to a DUI). Petitioner's convictions occurred approximately two months prior to his detention. Moreover, the immigration court necessarily determined Petitioner was not a flight risk or a danger to the community as he was allowed to participate in removal proceedings while at liberty. And it does not follow that the immigration court would automatically determine Petitioner a flight risk or danger to the community based on a gross misdemeanor.[2] Third, there is no indication that providing Petitioner with notice and an opportunity to be heard would have impaired the government's interest in attempting to remove Petitioner or in protecting the community. Therefore, the Court concludes Petitioner's re-detention without notice and a pre-deprivation hearing violated due process.

Accordingly, the Court GRANTS Petitioner's writ of habeas corpus (Dkt. No. 1) and ORDERS:

1. Respondents and all their officers, agents, attorneys, and persons acting on their behalf or in concert with them SHALL release Petitioner from custody within **<u>ONE (1) day</u>** of this Order. Petitioner shall be subject to the same conditions previously governing his release.
2. Petitioner SHALL NOT be re-detained, absent urgent circumstances or a clear legal basis for detention, without first providing pre-deprivation notice and an opportunity to be heard in front of a neutral decisionmaker.

---

[2] Reckless driving in Washington State is a gross misdemeanor while hit-and-run unattended is a misdemeanor. *See* Wash. Rev. Code. §§ 46.61.500, 46.52.010. Respondents do not argue that Petitioner's convictions subject him to mandatory detention under 8 U.S.C. § 1226(c).

3. Respondents SHALL confirm on the docket that Petitioner has been released from custody within 48 HOURS of this ORDER.
4. Petitioner seeks an award of fees. (Dkt. No. 1 at 11.) Petitioner is GRANTED leave to file a motion for attorney fees. The motion for fees shall identify the legal authority supporting an award of fees and shall be filed **no later than February 22, 2026**.[3]

The Clerk is directed to calendar this event and close the matter.

Dated this 24th day of November, 2026.

David G. Estudillo
United States District Judge

[3] In a previous matter, Respondents have requested, and the Court granted, a motion to stay the enforcement of any award of attorney fees pending the Supreme Court's decision in *Palacios v. Liggins*, No. 25-1223. *See Douangdala v. Bondi*, Case No. 2:26-cv-00963-DGE, 2026 WL 2516555 (W.D. Wash. Aug. 26, 2026).